By the Court.
This case is affirmed upon the memorandum of opinion of the court of appeals, particularly that part of it which reads as follows:
“In the present case the jury should have been charged that where part of the amount of a check was actually intended by plaintiffs below for Pangle, as the evidence in relation to the one in the name of Fred P. Reidy, shows it to have been; or where Pangle devoted the amount or part thereof, of the proceeds of a check, or the equivalent of its proceeds, or part thereof, to the acquiring of the particular timber on account of which such check, was in whole or in part, issued, and delivered, as in the instance of the checks in the names of O. A. Earnest, C. Balmer, and Fred P. Reidy, severally, there could be no recovery by plaintiffs below, of such amount so actually intended for Pangle, or the sum or sums so devoted to the acquisition of such particular timber.
“This for the reason that the most obvious fundamentals of manifest justice must preclude recovery, inasmuch as such checks entirely or partially as the case may be, accomplished the very purpose which they were created to serve.”
The court of appeals set aside the judgment of the court of common pleas and remanded the case for a new trial, which makes pertinent further suggestions of error that would have justified the reversal.
In the main, so far as the plaintiffs’ contentions below are concerned, this is the same type of case as Armstrong v. National Bank, 46 Ohio St., 512, and a part thereof, from the opinion of Minshall, C. J., *256 at page 523, is here particularly recited, and reaffirmed :
“If the drawer of a check, acting in good faith, makes it payable to a certain person or order, supposing there is such person, when in fact there is none, no good reason can be perceived why the banker should-be excused if he pay the check to a fraudulent holder upon any less precautions, than if it had been made payable to a real person; in other words, why he should not be required to use the same precautions in the one case as in the other; that is, determine whether the indorsement is a genuine one or not. The fact that the payee is a non-existing person does not increase the liability of the bank to be deceived by the indorsement. The fact is that an ordinarily prudent banker would be less liable to be deceived into a mistaken payment by a fictitious indorsement such as this was, than by a simple forgery. The determination of the character of an)' indorsement involves the ascertainment of two things: (1) the identity of the indorser, and (2) the genuineness of his signature; and no careful banker would pay upon the faith of the genuineness of any name, until he had fully satisfied himself both as to the identity of the person and the genuineness of his signature.”
But in the instant case the defendant by answer has so modified the fundamental issues of the Armstrong case as to obviously distinguish the case at bar.
The first defense interposed is the usual general denial. The second defense charges “that plaintiffs were guilty of a want of ordinai'y care and diligence *257 in executing and delivering said checks, and each of them to said V. B. Pangle, and that in the exercise of due care, under the circumstances, plaintiffs could, would and should have discovered said fraud.”
The third defense charges want of due diligence and care upon the part of the plaintiffs after the issue of the checks, and after the bank and the plaintiffs had settled their accounts, averring that more than a year had elapsed from the time of said settlements before notice of the alleged forgeries was given the bank.
The fourth defense especially charges “that the said V. B. Pangle was in the employ of the said plaintiffs during all of said time in the purchase of timber and other merchandise for the plaintiffs and was held out by the plaintiffs to the defendant to be their agent, with authority to act for them.”
The fifth defense especially charges that the plaintiffs carelessly and negligently delayed notifying the bank of said alleged fraudulent practices, that meanwhile said Pangle became insolvent, and that by reason of the delay and the insolvency the bank would be unable to reimburse itself as against said Pangle if it should be determined that said checks were not genuine checks properly endorsed.
The sixth defense charges that “said V. B. Pangle was the agent, servant and employee of plaintiffs, and engaged in acting for them in the purchase of supplies for their manufacturing business, and said several checks were issued by plaintiffs either in payment for supplies before *258 that time purchased by said Pangle for plaintiffs, or were given to said Pangle on account of supplies.”
The seventh defense pleads a provision of the negotiable instrument’s code as a valid defense.
As to this seventh defense the trial court charged as follows:
“We charge you, gentlemen of the jury, that the rule of law that a negotiable instrument made payable to a fictitious person or order is, in effect, an instrument payable to bearer and needs no endorsement to pass it to another in the commercial world and affairs, applies only where it is so made with the knowledge of the party making it and does not apply where the maker or makers, supposing the payee to be a real person and intending payment to be made to such person or his order, is induced by the fraud of another to so draw it.”
There is error in this part of the charge by reason of the fact that one of the defenses interposed here was that Pangle was the agent of the Jones company, and there was no inconsiderable evidence offered in support of that defense. The court should have added that if Pangle was the agent of the Jones company in the issuing of such checks, Pangle’s knowledge was knowledge of the Jones company.
The same vice appears in the next paragraph of the charge, which refers to Pangle as a “third person.” Now, if, as claimed by the defendant, Pangle was in fact an agent of the Jones company, he was not a third person within the contemplation of that part of the charge.
*259 Again. The fourth defense is to the effect that the Jones company held out to the world, including the bank, said Pangle as their authorized agent concerning matters such as are involved in the case at bar. And yet there is no portion of the charge devoted to this issue as set out in the fourth defense. There is a charge upon actual agency, but not upon the distinctive matter pleaded in this defense. Whether he was or was not agent, the fourth defense charges that the company held him out to the world as agent; and, therefore, if such be the fact, it would estop the company from denying agency even though Pangle was not in truth such agent.
Again. Upon the question of agency, the court charged as follows:
“If you shall find, gentlemen, by a preponderance of the evidence in the case that the man V. B. Pangle, was the agent or representative of the plaintiffs and acting for them as such at the time or times when it is alleged the plaintiffs executed the several checks in question and delivered them to the said Pangle, by him to be delivered thereafter to the said several payees named in said checks, and that the plaintiffs, by so treating and dealing with and through said Pangle placed it in the power of said Wangle to defraud the said plaintiffs in the matter of the said issuing and delivery of said several checks, and in. the matter of the alleged forgeries, by endorsement, of said checks, and that the defendant bank had no knowledge or notice of the relations, if any, at the time or times mentioned, existing between the plaintiffs and *260 said Pangle in the matter of the issuing, passing and endorsing of said checks, and further that the plaintiffs did not use ordinary care and prudence in the matter of its alleged dealings and transactions with said Pangle and in the matter of the issuing and delivery of said several checks, then the plaintiffs cannot recover in this action and your verdict should be for the defendant.”
It is unfortunate that the court here undertook to combine two or three defenses, any one of which was complete in itself, and practically held that before the defendant could prevail in any one of them he must establish all of them by a preponderance of the evidence. That of course is not the law. Each of these defenses, with the issue of fact involved in each, should have been stated separately to the jury, in simple language, and with instruction that if they found the fact to be thus and so, in accordance with such defense, then their verdict should be for the defendant; and thus seriatim, taking each defense.
In .connection with the defense of agency, or holding out of agency, it. was highly important for the court to charge what agency is and how such relation of agency may be created. Notwithstanding this was one of the focal points of the case, there is nothing in the charge as to what constitutes agency or as to how such relation can be established between the parties.
This case, under the pleadings and the evidence, calls for a substantial compliance with the doctrine laid down in the syllabus of The Baltimore & Ohio Rd. Co. v. Lockwood, 72 Ohio St., 586:
*261 “In submitting a case to the jury, it is the duty of the court to separate and definitely state to the jury, the issues of fact made in the pleadings, accompanied by such instructions as to each issue, as the nature of the case may require.”
It might be urged that these errors in the charge were immaterial and technical at best, and, therefore, should be disregarded. But the question of agency and the holding out as agent, upon which estoppel was invoked, and the question of due care and diligence upon the part of the Jones company, not only in the issuing, of checks but in the inspecting of settlements, were the most vital ones in the case to be submitted to the jury, and the instructions should have been pertinent and plain without increasing beyond the legal measure the burden of proof upon the defendant.
Certainly there were many striking and significant facts in this record in the testimony of the plaintiffs’ own witnesses tending to support the various defenses of the bank, particularly those of agency, holding out as agent, and due care and diligence both in the making of the checks and the inspecting of the settlements; but none of these could be fairly and properly considered by the jury except under proper charge from the court.

Judgment affirmed.

Wanamaker, Newman, Jones, Matthias, Johnson and Donahue, JJ., concur.